# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA MILDRED JOHNSON, | No. 2:18-CV-1890-MCE-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

On August 7, 2018, the court issued an order granting plaintiff's motion to proceed in forma pauperis. See ECF No. 3. That order required plaintiff to submit to the United States Marshal, within 15 days of the date of service of the order, a completed summons and copies of the complaint, and file a statement with the court that said documents have been submitted. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

/ / /

/ / /

/ / /

1

As of September 18, 2018, plaintiff failed to comply, and the court issued an order directing plaintiff to show cause in writing within 30 days why the action should not be dismissed for failure to prosecute. See ECF No. 8. Plaintiff responded to the court's order, seeking additional time to comply. See ECF No. 9. On November 29, 2018, the court discharged the September 18, 2018, order to show cause and granted plaintiff a 30-day extension of time to submit service documents. See ECF No. 10. On December 17, 2018, plaintiff filed a declaration indicating, among other things, she does not know where to send documents to the United States Marshal. See ECF No. 11. On March 26, 2019, the court issued an order granting plaintiff additional time and provided plaintiff the appropriate mailing address. See ECF No. 13.

The latest filing on the docket is a letter from plaintiff in response to the court's March 26, 2019, order. See ECF No. 14. In this filing, plaintiff does not address any problems or difficulties related to submission of service documents necessary to prosecute her case. Instead, plaintiff prematurely asserts arguments apparently related to the merits of her appeal. Notably, plaintiff does not assert continuing or additional problems related to submission of documents to the United States Marshal.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

1    Having considered these factors, and in light of plaintiff's failure to prosecute this
2 case as directed, the court finds that dismissal of this action is appropriate.
3    Based on the foregoing, the undersigned recommends that this action be dismissed,
4 without prejudice, for lack of prosecution and failure to comply with court rules and orders.
5    These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court. Responses to objections shall be filed within 14 days after service of
9 objections. Failure to file objections within the specified time may waive the right to appeal. See
10 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE